## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

PAOLA CENTTI,

      Plaintiff,

V.

                                 Case No: 2:23-cv-00071-JES-KCD

GO FLORIDA INVESTMENTS INC.,
d/b/a Roelens Vacation Rentals and
Management, Roelens Vacations, and
KOEN ROELENS,

      Defendants.

_____.

## PLAINTIFF'S MOTION TO  APPROVE  THE PARTIES'  SETTLEMENT AGREEMENT AND ENTER JUJDGMENT FOR PLAINTIFF

      Plaintiff, Paola Centti, herein files her Motion to Approve the Parties executed Settlement Agreement and to Enter Judgment For Plaintiff, and in support thereof shows the Court the following:

      1.     As stated in the Mediator's Report, this "entire action was resolved at mediation" held on June 6, 2023.  DE 14.   A copy of the executed Settlement Agreement is attached as Exhibit 1.

## MEMORANDUM OF LAW

      A compromised FLSA settlement becomes final and enforceable if it is

supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize the settlement to determine if it constitutes a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve it. *Id.*

## A. Plaintiffs' Recovery is Fair and Reasonable

In the instant matter, the issue of Plaintiff's recovery was negotiated independently, at arm's length and resolved to the Plaintiffs satisfaction at mediation. The Plaintiff could have chosen to continue in litigation over liquidated damages but elected to compromise her claim and resolve this bona fide dispute. Recovery of full liquidated damages is not a simple matter and involves substantial risk to the Plaintiff of a zero recovery and even be subjected to risks of paying the Defendant's costs, or worse, attorney's fees. Defendant has asserted that it acted in Good Faith under the FLSA as a defense to liquidated damages.

In this case, Plaintiff was classified and treated as an exempt and non-exempt employee, and her work hours were not properly tracked by Defendants. Defendants disputed the claim and the number of hours allegedly worked. Nevertheless, without admitting any fault or liability, the parties came to this compromise to avoid the time, expense and uncertainty with litigation. Plaintiff also takes into consideration that

she could have been awarded zero if litigation proceeded.

At mediation, Defendants agreed to pay the Plaintiff a total sum of Eleven Thousand, Four Hundred and 00/100 Dollars ($11,400.00) to resolve her overtime wage claim. This sum Defendants agreed to pay represents both a complete payment of the whole amount of unpaid overtime wages Plaintiff estimated she was owed, plus some amount of money in recovery of her liquidated damages claim. Therefore, the settlement is an excellent result and clearly is an amount which represents a fair and reasonable result to the Plaintiff, which she accepted and requests approval of.

Through the mediation process, the Parties then reached a compromise and negotiated a separate agreement on the amount of Plaintiff's attorney's fees and costs to be paid by Defendants. Defendants agreed to pay Plaintiff's counsel the sum of Eight Thousand, Six Hundred, and Two and 00/100 dollars ($8,602.00), to cover attorney's fees and costs that were incurred by Plaintiff's counsel based upon hourly fees and pursuant to the mandatory fee requirements of the FLSA. The attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiff, and in no way affected the amount of wages separately and first agreed to be paid by Defendants to the Plaintiff for her claimed unpaid overtime wages. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (MDFL 2009), cited by *Finnell v. Top 1% Coaching, Ltd. Liab. Co.*, No. 2:19-cv-485-FtM-29NPM, 2020 U.S. Dist. LEXIS 268237, at *4 (M.D. Fla. Nov. 17, 2020) ("The

Court finds that since the settlement appears reasonable on its face and the fees appear reasonable in light of the litigation in this case, no further scrutiny is required as to attorney fees."). The amount for attorney's fees was a negotiated compromise from the total lodestar fees, reached with mediator assistance, and thus represents a fair and reasonable sum on its face.

Again, the amounts Defendants are to pay to Plaintiff and her counsel were agreed to by the Parties at a mediation held with Mediator Denise Wheeler Wright. *See* DE 14.

The Settlement will result in Plaintiff receiving a payment within 14 days of the Court approving this settlement, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation, and further allows the Parties to put this case and all issues related to Plaintiff's employment behind them so that they can eliminate the distractions of litigation and focus on other matters.

## B. The Attorney Fees Here Were Negotiated Independently of Plaintiffs' Recovery

In regard to attorney's fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D.Fla. 2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id.*

"Moreover, the amount of attorney fees is not unreasonable on its face and further scrutiny appears unnecessary". *DeGraff v. SMA Behavioral Health Servs.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013); cited by *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 5491 (M.D. Fla. Jan. 10, 2023) approved at: *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 17051 (M.D. Fla. Feb. 1, 2023).

At mediation, after the Parties came to an agreement on the sum of wages to be paid, they agreed on a sum for the attorney's fees, including the costs, separately and without regard to the amount paid to the Plaintiffs. The attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiff, and in no way affected the amount of wages separately and first agreed to be paid by Defendants to the Plaintiff for her claimed unpaid overtime wages. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (MDFL 2009), cited by *Finnell v. Top 1% Coaching, Ltd. Liab. Co.*, No. 2:19-cv-485-FtM-29NPM, 2020 U.S. Dist. LEXIS 268237, at *4 (M.D. Fla. Nov. 17, 2020) ("The Court finds that since the settlement appears reasonable on its face and the fees appear reasonable in light of the litigation in this case, no further scrutiny is required as to attorney fees."). The amount for attorney's fees was a negotiated compromise from the total lodestar fees, reached with mediator assistance, and thus represents a fair and reasonable sum on its face.

Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982).

Plaintiff is concurrently filing a notice with the Court of Defendant's reversal of its previous position on an ore tenus motion for the Magistrate to review and approve the settlement before the Magistrate on July 5th 2023 hearing. Defendant has reversed its position and informed the Plaintiff's attorney that Defendant wants the court to review. Thus, the relief sought would appear to be unopposed. All parties signed the settlement agreement.

**WHEREFORE**, the Plaintiff respectfully request that this Court approve the attached Settlement Agreement, enter a monetary Judgment for Plaintiff as per *Lynn's Foods* and dismiss this action with prejudice.

## LOCAL RULE 3.01(g) CONFERRAL

Plaintiff's counsel contacted counsel for Defendant by email and phone, following earlier telephone communication, and a hearing before the magistrate judge on July 5th, 2023 regarding the relief sought herein. Counsel for Defendant attended a

6

hearing before the Magistrate Judge on July 5, 2023, wherein an ore tenus motion for the Magistrate to review and approve the settlement without further filing was presented and stated by Defendant as not opposed.   Thus, Defendant has confirmed it does not oppose approval of this settlement.   In follow up telephone call with counsel for Defendant, Charles Brady, he expressed desire for court approval of this settlement and that the same should be submitted to the court for approval, and this was followed with an email to the Defendant's counsel and another phone call about filing this instant motion to approve as a joint or by Plaintiffs motion.   Defendant did not respond to the communications.   Plaintiff also previously filed a motion to enforce and approve the settlement and mediation agreement, which was not opposed by Defendant other than opposing the sanctions.

Dated July 8, 2023.

Respectfully submitted,

*/s/Mitchell Feldman, Esq.*
Mitchell L. Feldman, Esquire
Florida Bar No.:  0080349
FELDMAN LEGAL GROUP
6916 W. Linebaugh Ave, #101
Tampa, Florida 33625
Tel: 813-639-9366 Fax: 813-639-9376
mfeldman@flandgatrialattorneys.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing, with the Clerk of Court by using the CM/ECF system on this date.  Parties may also obtain a copy directly from the CM/ECF system.

*/s/Mitchell Feldman, Esq.*
Mitchell L. Feldman, Esquire
Florida Bar No.:  0080349